# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CRYSTOL D. OTERO,

        Plaintiff,

v.   Case No. 8:23-cv-1092-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Crystol D. Otero ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of stroke, migraine, diabetes, high blood pressure, high cholesterol, sleep apnea, anxiety, and depression.

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed July 18, 2023; Reference Order (Doc. No. 15), entered July 18, 2023.

Transcript of Administrative Proceedings (Doc. No. 20; "Tr." or "administrative transcript"), filed August 18, 2023, at 138-39, 151-52, 176, 192, 514.

On February 14, 2020, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of February 5, 2020. Tr. at 373-76 (DIB), 377-83 (SSI).[3] The applications were denied initially, Tr. at 151-63, 164, 172, 213-18 (DIB); Tr. at 138-50, 168, 173, 226-31 (SSI), and upon reconsideration, Tr. at 174, 176-91, 346-49 (DIB); Tr. at 175, 192-207, 340-41 (SSI).

On July 14, 2022, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] Tr. at 102-24. On August 2, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 52-93.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief and additional medical evidence. Tr. at 2, 4-5 (Appeals Council exhibit list and orders), 14-48, 126-37 (medical evidence), 370-72 (request for review), 538-39 (brief). On March 14, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the

---

[3]    The applications were actually completed on July 24, 2020. See Tr. at 373, 377. The protective filing date for both the applications is listed elsewhere in the administrative transcript as February 14, 2020. Tr. at 151, 176 (DIB), 138, 192 (SSI).

[4]    The hearing was held via telephone, with Plaintiff's consent. Tr. at 104, 256-73, 315, 336, 365.

final decision of the Commissioner. On May 17, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in 1) "determining that [Plaintiff] has the residual functional capacity [('RFC')] to perform light work with some additional limitations after failing to properly consider the medical opinions and evidence"; and 2) insufficiently considering Plaintiff's "credibility and subjective complaints." Memorandum in Support of Plaintiff's Position (Doc. No. 25; "Pl.'s Mem."), filed October 16, 2023, at 12, 21. On November 15, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

(Continued…)

3

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 55-93. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 5, 2020, the alleged onset date of disability." Tr. at 55 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe combination of impairments: a cerebrovascular accident (CVA); a history of transient ischemic attacks (TIAs); migraine headaches; diabetes mellitus (DM); osteoarthritis (OA) of the knees (status post right knee total knee replacement); left ankle and heel disorders; right cubital tunnel syndrome; a history of carpal tunnel syndrome (CTS); obesity; obstructive sleep

---

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

apnea (OSA); hypertension (HTN); hyperlipidemia (HLP); a neurocognitive disorder; depression; an anxiety disorder; and a post-traumatic stress disorder (PTSD)." Tr. at 55 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 63 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a), with additional limitations. [Plaintiff] can lift or carry 10 pounds occasionally (from very little, up to 1/3 of an 8-hour workday), and less than 10 pounds frequently (up to 2/3 of an 8-hour workday). [Plaintiff] can stand and / or walk (with normal breaks) for a total of 2 hours in an 8-hour workday. [Plaintiff] uses a cane to ambulate, although it is not necessary to use one at the workstation. [Plaintiff] can sit (with normal breaks) for a total of 6 hours in an 8-hour workday. [Plaintiff] should not climb ladders exceeding 6 feet, ropes, or scaffolds. [Plaintiff] can occasionally climb ramps or stairs. [Plaintiff] can occasionally perform postural activities e.g., stoop, kneel, crouch, and crawl, as well as balance (as balance is defined in the Selected Characteristics of Occupations (SCO) of the Dictionary of Occupational Titles (DOT)). [Plaintiff] can work in an environment with no more than occasional hazards[,] defined as unprotected areas of moving machinery; heights; ramps; ladders; scaffolding; and, on the ground, unprotected areas of holes and pits. [Plaintiff] can perform frequent handling and reaching. Additionally, [Plaintiff] has limitations in the ability to concentrate and would require simple, routine, repetitive tasks; would be off task an average of 5% each hour; and would miss on average 1 day of work each quarter.

Tr. at 69-70 (emphasis omitted).

5

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" of "a composite job of a housekeeping cleaner and hotel clerk," and "a [m]erchandise [c]lerk." Tr. at 91 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 91-93. After considering Plaintiff's age ("36 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Ink Printer," "Lens Inserter," and "Stuffer." Tr. at 91-92 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from February 5, 2020, through the date of th[e D]ecision." Tr. at 93 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. RFC and Medical Opinion Evidence

Plaintiff argues the ALJ erred in assessing her RFC after improperly evaluating the medical opinion evidence. Pl.'s Mem. at 12-21. According to Plaintiff, "the ALJ failed to apply the supportability and consistency factors to the medical opinions of record." Id. at 16. Plaintiff contends the ALJ used a "generic statement for each medical opinion," id., and points specifically to the opinions of John Beltran, Psy.D., a psychologist who examined Plaintiff on

7

September 15, 2020 at the request of the SSA and authored an opinion thereafter, Tr. at 722-29; Danna B. Costa-Sahs, Psy.D., another psychologist who examined Plaintiff on March 3, 2022 and authored an opinion thereafter, Tr. at 2606-10; Sumayyah Shah, M.D., a physician who examined Plaintiff on May 22, 2021 and authored an opinion and range of motion report thereafter, Tr. at 946-55; and Benyam Yoseph, M.D., another physician who examined Plaintiff on November 6, 2021 and authored an opinion and range of motion report thereafter, Tr. at 2222-27. See Pl.'s Mem. at 17, 18, 19, 20. Responding, Defendant argues the ALJ properly considered the medical opinions under the applicable Regulations. Def.'s Mem. at 6-16.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using

8

other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). [6] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required

---

[6] Plaintiff filed her applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

9

to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[7]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990)

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

10

(stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, in a remarkably thorough forty-two page single-spaced Decision, the ALJ evaluated each of the medical opinions at issue. As to Dr. Beltran, the ALJ summarized his objective findings throughout the Decision. Tr. at 56, 57, 58, 60, 61, 62, 75, 85, 86. In addressing Dr. Beltran's opinion, the ALJ wrote:

> On September 15, 2020, Dr. Beltran had opined that [Plaintiff] could benefit from assistance with personal funds management due to her memory impairment and because she correctly followed basic instructions, as well as performed some basic one-step calculations, although no other one-step calculations and no two-step calculations.
>
> The undersigned finds that this medical source's opinion is unpersuasive with respect to needing assistance with personal funds management because, although this medical source's opinion is supported by some objective medical evidence noted in the opinion (i.e., in the examination), and the opinion is explained in a little detail, it is not consistent with all of the other evidence throughout the record from all other sources, (as set forth in detail in the following paragraphs immediately below) which has convinced the undersigned that [Plaintiff] does not require a representative payee because she can perform simple, routine, repetitive tasks, although with limitations in the ability to concentrate, with being off task an average of 5% each hour, and with missing on average 1 day of work each quarter.

Tr. at 83-84 (citation omitted).

11

Regarding Dr. Costa-Sahs, the second examining psychologist, the ALJ also summarized her findings throughout the Decision. Tr. at 57, 58, 60, 61, 63, 66, 75, 77, 86, 88, 89. Addressing her opinion, the ALJ wrote:

> On March 3, 2022, Dr. Costa-Sahs had opined that [Plaintiff's] mental health symptoms, based on report and clinical observations, appeared to be moderately to severely impacting her activities of daily living, vocational performance, and interpersonal interactions.
>
> The undersigned finds that this medical source's opinion is unpersuasive because it is not supported by objective medical evidence noted in the opinion, the opinion is not explained in detail, and it is not consistent with all of the other evidence throughout the record from all other sources, (as set forth in detail in the following paragraphs immediately below) which has convinced the undersigned that [Plaintiff] can perform simple, routine, repetitive tasks, although with limitations in the ability to concentrate, with being off task an average of 5% each hour, and with missing on average 1 day of work each quarter.

Tr. at 84 (citation omitted).

Contrary to Plaintiff's contention, the ALJ did not merely provide generic statements to find Dr. Beltran's and Dr. Costa-Sahs's opinions unpersuasive. Indeed, besides the reliance on objective findings throughout the Decision and what the ALJ wrote in the foregoing paragraphs, he went on to explain in great detail why the mental evidence did not support these opinions and why it did support the ultimately-assigned mental RFC for "limitations in the ability to concentrate and would require simple, routine, repetitive tasks; would be off

12

task an average of 5% each hour; and would miss on average 1 day of work each quarter." Tr. at 84-88 (explanation), 70 (RFC). Plaintiff does not challenge any of these findings; they are supported by substantial evidence, reflect adequate consideration of the required factors, and need not be disturbed.

Regarding the opinion of Dr. Shah on Plaintiff's physical limitations, the ALJ again summarized his findings throughout the Decision. Tr. at 57, 59, 60, 62, 65, 71, 74, 76, 79, 80, 82, 87, 89. The ALJ then addressed Dr. Shah's opinion in two different places in the Decision, once discussing the need for an assistive device, and once discussing other assigned limitations by Dr. Shah:

> On May 22, 2021, Dr. Shah noted that [Plaintiff] ambulated with difficulty using a 2-wheel walker, which appeared to be medically required always for standing and walking support, using both upper extremities.
>
> The undersigned finds that this medical source's opinion is unpersuasive with respect to not walking at all in an 8-hour workday, and with respect to her walker being medically required (versus only a cane being medically required), because although this medical source's opinion is supported by some objective medical evidence noted in the opinion (i.e., in the examination), and the opinion is explained in a little detail, it is not entirely consistent with all of the other evidence throughout the record from all other sources, (as set forth in detail in the following paragraphs immediately below) which has convinced the undersigned that [Plaintiff's] OA of the knees (status post right knee total knee replacement), left ankle and heel disorders, right cubital tunnel syndrome, history of CTS, and obesity, along with the use of a walker, does

13

> not meet or medially equal the severity described in section 1.00 et seq.
>
> . . .
>
> On May 22, 2021, Dr. Shah had opined that [Plaintiff] was able to lift and carry only 5 to 10 pounds occasionally, sit frequently in an 8-hour workday, and stand occasionally in an 8-hour workday; that she could not walk at all in an 8-hour workday, noting that she ambulated with difficulty and used a medically required assistive device; and, that she had difficulty with excessive bending and stooping due to severe right knee pain.
>
> The undersigned finds that this medical source's opinion is persuasive with respect to lifting, carrying, sitting, and standing limitations, although unpersuasive with respect to not walking at all in an 8-hour workday, or with respect to her walker being medically required (versus only a cane being medically required), because although this medical source's opinion is supported by some objective medical evidence noted in the opinion (i.e., in the examination), and the opinion is explained in a little detail, and it is not entirely consistent with all of the other evidence throughout the record from all other sources, (as set forth in detail in the following paragraphs immediately below) which has convinced the undersigned that [Plaintiff] can perform only sedentary work, along with the additional limitations stated in Finding 5 above.

Tr. at 65, 71-72 (citations omitted).

Regarding Dr. Yoseph's opinion on Plaintiff's physical limitations, the ALJ again summarized his findings in detail throughout the Decision. Tr. at 57, 59, 61, 62, 72, 74, 77, 79, 81, 82, 87, 90, Addressing Dr. Yoseph's opinion itself, the ALJ wrote:

14

> On November 6, 2021, Dr. Yoseph had opined that [Plaintiff] was able to sit, stand, and walk only occasionally, noting that she was unable to sit, stand, and walk frequently. The undersigned finds that this medical source's opinion is unpersuasive (particularly with the sitting limitation) because this medical source's opinion is not supported by objective medical evidence noted in the opinion, the opinion is not explained in detail, and it is not consistent with all of the other evidence throughout the record from all other sources, (as set forth in detail in the following paragraphs immediately below) which has convinced the undersigned that [Plaintiff] can perform sedentary work, along with the additional limitations stated in Finding 5 above.

Tr. at 72 (citations omitted). In all instances, the ALJ provided detailed discussion of the evidence either prior to or after these findings. See Tr. at 65-66 (discussion of evidence on need for assistive device), 71-83 (discussion of evidence on physical RFC). Plaintiff does not challenge any of these findings; they are supported by substantial evidence, reflect adequate consideration of the required factors, and need not be disturbed.

### B. Subjective Complaint Evaluation

Plaintiff argues the ALJ erred in evaluating her subjective complaints of pain and other symptoms. Pl.'s Mem. at 21-24. According to Plaintiff, the ALJ provided only "boilerplate" language in addressing the matter, which is insufficient under the applicable authority. Id. at 23. Responding, Defendant argues the ALJ properly considered Plaintiff's subjective complaints and symptoms. Def.'s Mem. at 16-20.

15

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered

16

"in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ found as to Plaintiff's mental limitations:

> [Plaintiff's medically determinable severe mental impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] and her stepmother's statements concerning the intensity, persistence, and limiting effects of these symptoms are only partially consistent with all of the relevant medical evidence and other evidence in [Plaintiff's] case record (as set forth in detail in the preceding paragraphs immediately above) which shows that she has limitations in the ability to concentrate and would require simple, routine, repetitive tasks; would be off task an average of 5% each hour; and would miss on average 1 day of work each quarter. (SSR 16-3p). Accordingly, these statements have been found to affect [Plaintiff's] ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

Tr. at 88. And, as for the physical symptoms alleged:

> [T]he undersigned finds that there is no reasonable medical basis for the intensity, persistence, and limiting effects of [Plaintiff's] alleged gastritis or GERD symptoms, and that these are not severe impairments. The undersigned also finds that [Plaintiff's] medically determinable severe physical impairments (HTN, HLP, OSA, a CVA, a history of TIAs, migraine headaches,

17

> DM, OA of the knees (status post right knee total knee replacement), left ankle and heel disorders, right cubital tunnel syndrome, a history of CTS, and obesity) could reasonably be expected to cause her alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are only partially consistent with all of the relevant medical evidence and other evidence in [Plaintiff's] case record (as set forth in detail in the preceding paragraphs immediately above) which shows that she can perform sedentary work, along with the additional limitations stated in Finding 5 above (SSR 16-3p). Accordingly, these statements have been found to affect [Plaintiff's] ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

Tr. at 83. But, the ALJ did not stop there. Besides detailing the evidence on both the mental and physical limitations, Tr. at 71-83 (physical), 83-88 (mental), the ALJ wrote entirely separate sections making findings about Plaintiff's activities of daily living, Tr. at 89, medications and effects, Tr. at 89, and alternative methods of treatment, Tr. at 90. Plaintiff does not challenge any of these detailed findings; they are supported by substantial evidence, reflect adequate consideration of the factors, and need not be disturbed.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 27, 2024.

                                             _James R. Klindt_
                                             JAMES R. KLINDT
                                             United States Magistrate Judge

kaw
Copies:
Counsel of Record

19